**Perelle Trust**

*Samuel T. Swansen* and *Dechert, Price & Rhoads*, for accountants.

*Henry B. Fitzpatrick,* guardian and trustee ad litem, p.p.

KLEIN, A. J., May 31, 1973.—The reason for filing the present account is the resignation of The First Pennsylvania Banking and Trust Company as co-trustee by writing dated May 7, 1973, annexed hereto, to be effective upon the approval of this court. The deed of trust is silent as to the appointment of a successor corporate cotrustee.

Article SECOND of this irrevocable deed of trust dated September 11, 1957, provided for a separate trust comprised of the income generated by the trust for the benefit of settlor's wife and son David under Article FIRST; with further provisions not necessary to recite for the purposes of this adjudication.

The deed contains a spendthrift clause and a governing law clause declaring that the trust "shall be construed under and regulated by" Pennsylvania law and that the validity and effect of the trust shall be determined by Pennsylvania law. At the audit the accountants requested this court to transfer the situs of, and jurisdiction over, the trust to the State of California, and that the Crocker National Bank, Santa Barbara, California, be named as successor corporate cotrustee. The reason given for these requests is that most of the beneficiaries of the trust are residing in California or the surrounding area and it would, therefore, be more convenient and efficient to have the trust managed in that State.

All parties in interest are stated to have received notice of this audit. Proof of compliance with Rule 5, Section 5, of the Sup. Ct. O. C. Rules relating to notice to the Attorney General of the Commonwealth of Pennsylvania in cases involving charitable gifts, is annexed.

By decree of this court dated May 2, 1973, Henry B. Fitzpatrick, Jr., Esq., was appointed guardian ad litem for minors and trustee ad litem for all unborn and unascertained interests. Mr. Fitzpatrick filed a written report in which he recommended that the account be approved, that the resignation of The First Pennsylvania Banking and Trust Company be accepted, and that the request for transfer of the situs of, and jurisdiction over, the trust to California be approved. By agreement with counsel for the accountants, compensation for Mr. Fitzpatrick's services as guardian and trustee ad litem was charged to principal in the adjudication signed this day of the second account of Trust No. 1 under Article FIRST of this deed of trust.

The auditing judge has had the benefit of a comprehensive memorandum of law from Mr. Swansen as well as an extended analysis of the law in Mr. Fitzpatrick's report. There can be no doubt that section 725 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 421, 20 PS §725, gives this court authority to direct that the situs of the trust be changed to California "if the court shall find the change necessary or desirable for the proper administration of the trust." That section further provides that:

"Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease and thereupon the situs of the trust for all purposes shall be as directed by the court."

All parties in interest, including Mr. Fitzpatrick on

behalf of the interests he represents, have consented to the transfer of the situs of the trust to California and the appointment of Crocker National Bank, Santa Barbara, California, as successor corporate cotrustee. The auditing judge is of the opinion that the record fully justifies a finding that the transfer is desirable for the proper administration of the trust. We so find and appoint Crocker National Bank, Santa Barbara, California, as successor corporate cotrustee effective upon the filing with this court of either (1) its consent to act, together with evidence that it is qualified as a trust company under California law, or (2) an exemplified copy of its appointment as cotrustee by the Superior Court, County of Santa Barbara, State of California, under section 2287 of the California Civil Code.

The resignation of The First Pennsylvania Banking and Trust Company as cotrustee is accepted to be effective when Crocker National Bank qualifies as its successor and final distribution is completed. It is to be understood that the change in situs of the trust will have no effect on the governing law clause in the deed which requires that Pennsylvania law be applied to the operation of the trust: Jadwin Trust, 45 D. & C. 2d 418, 445 (O. C. Montg. 1968) . . .

And now, May 31, 1973, the account is confirmed nisi.